# United States District Court
# Central District of California

| | |
|---|---|
| LA WAVE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> 55 TRADING CORP.; YU KIM; JOHN KANG; and DOES 1-10, <br><br> Defendants. | Case No. 2:17-CV-05723-ODW-JC <br><br> **ORDER GRANTING IN PART PLAINTIFF'S EX PARTE APPLICATION [10, 11, 12, 13]** |

Before the Court is Plaintiff LA Wave, LLC's unopposed ex parte application to remand and for sanctions under 28 U.S.C. § 1447(c). (Appl., ECF No. 10.)[1] Plaintiff filed this unlawful detainer action in the California Superior Court on November 22, 2016. (Compl., ECF. No. 1.) On August 2, 2017, Defendant John Kang removed this case to federal court. (Notice of Removal ("Notice"), ECF. No. 1.) The case was recently transferred to this Court as a related case. (ECF No. 16.) For the following reasons, the Court **GRANTS IN PART** Plaintiff's application and request for attorneys' fees. The Court **REMANDS** the case to the appropriate state court.

---

[1] The additional docket entries styled as ex parte applications (ECF Nos. 11, 12, and 13) are part of the same request for relief. As such, the Court treats them as one ex parte application.

## I. FACTUAL BACKGROUND

Plaintiff initiated two unlawful detainer actions in the California Superior Court on November 22, 2016, after Defendants 55 Trading Corporation and Yu Kim failed to make certain rental payments under two separate lease agreements for commercial property located on South La Brea Avenue in Los Angeles. (*See generally* Compl., ECF No. 1.) Defendant Kim removed the respective actions to federal court on June 5, 2017, claiming federal question jurisdiction pursuant to 28 U.S.C. § 1331. (2:17-cv-4151-ODW-JC, ECF No. 2.) On June 19, 2017, this Court remanded both actions to the California Superior Court, finding the cited grounds for removal to be "objectively unreasonable." (2:17-cv-4151-ODW-JC, ECF No. 11 at 5.)

Defendant John Kang voluntarily joined the Superior Court actions by filing a Prejudgment Claim of Right to Possession (Heaney Decl. ¶ 5, ECF No. 10) and removed this case to federal court for the second time on August 2, 2017. (*See* Notice.) Although Kang is a pro se defendant, he used a nearly identical form for his Notice of Removal as the one used by Defendant Kim in the previous attempts at removal. (*Compare* Notice, *with* 2:17-cv-4151-ODW-JC, ECF No. 2 at 1–2; 2:17-cv-4173-ODW-JC, ECF No. 1 at 1–2.)

On August 4, 2017, Plaintiff notified Kang by email of its intention to submit an application for ex parte relief and filed the instant application for remand. (Appl. at 2–3.) Plaintiff also served a copy of its application on Kang by personal delivery. (Heaney Decl. ¶ 2, ECF. No. 12.) Plaintiff contends that Kang frivolously removed this action to federal court as part of a scheme to delay the trial before the California Superior Court, which is currently set to begin on August 10, 2017. (Appl. at 5.) Plaintiff also seeks its attorneys' fees and costs under 28 U.S.C. § 1447(c). Kang's opposition to Plaintiff's application was due on August 5, 2017, but none was filed. (*See* Court's Standing Order (providing that any opposition to an ex parte application must be filed within twenty-four hours).)

## II. LEGAL STANDARD

A civil action may be removed from state court if the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts strictly construe removal statutes against federal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of showing that it has complied with the procedural requirements for removal. *Peace v. Estate of Sorensen*, No. CV08-2880-CAS(PLAX), 2008 WL 2676367, at *1–2 (C.D. Cal. June 30, 2008).

## III. DISCUSSION

### A. No Basis for Federal Subject Matter Jurisdiction

Using the exact same language as Defendant Kim from the previous notices of removal, Kang asserts that this Court has original jurisdiction under 28 U.S.C. § 1331, which provides the United States district courts with jurisdiction of cases arising under the Constitution, laws, or treaties of the United States. (Notice ¶ 3.) Specifically, he asserts that this case arises under "U.S.C. § 362" and/or "15 U.S.C. § 1667." (*Id.*) Additionally, Kang states that he has "filed bankruptcy in the United States Bankruptcy Court, Central District" and that the bankruptcy proceeding is still pending. (*Id.*)

For the same reasons as explained in the Court's previous order remanding this action to state court, this action does not give rise to a federal question. *See LA Wave, LLC v. 55 Trading Corp.*, No. 2:17-cv-4151, 2017 WL 2636032, at *2 (C.D. Cal. June 19, 2017). Courts have repeatedly held that unlawful-detainer actions do not present a federal question, and this case is no exception. *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011) ("[B]ecause this is an unlawful detainer action, a federal question does not present itself."); *IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of

subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). Thus, Kang has failed to meet his burden and this case must be remanded once again for lack of subject matter jurisdiction.

**B. Improper Removal**

Pursuant to 28 U.S.C. § 1446(b), defendants must file a notice of removal within thirty days of being served with the complaint. Kang admits to receiving the state court complaint on November 28, 2016—more than eight months ago. (Notice ¶ 2.) Therefore, the thirty-day window for removal had long since expired when Kang filed his notice of removal on August 2, 2017. As such, the untimeliness of Kang's removal is an independent basis for remand.

**C. Attorneys' Fees and Costs**

In addition to its request for remand, Plaintiff seeks its attorneys' fees and additional costs incurred as a result of Kang's removal. Pursuant to 28 U.S.C. § 1447(c), when a motion to remand is brought, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." While the decision to award fees is in the trial court's broad discretion, "absent unusual circumstances, courts may award attorneys' fees . . . only where the removing party lack an objectively unreasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court finds Kang's attempted removal—the second attempt to remove this case to federal court—to be objectively unreasonable. Additionally, Plaintiff's allegations that each of the various attempts at removal have come at the eve of trial in the state court proceedings are particularly concerning to the Court. (Appl. at 4.) Therefore, this Court finds that an award of fees is justified.

In order to determine the amount of attorneys' fees recoverable under 28 U.S.C. § 1447(c), district courts must first calculate the lodestar figure. *See Pack v. Hoge Fenton Jones & Appel, Inc.*, No. 12-CV-4512-SC, 2013 WL 140027, at *7 (N.D. Cal. Jan. 10, 2013). This is done by multiplying the number of hours reasonably expended on the litigation by the reasonable community rate for like work. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990). Plaintiff submitted a declaration from attorney John Heaney in which he estimates he spent 22 hours of time responding to Kang's attempt at removal, which billed at his hourly rate of $300 per hour translates to a bill for his client for $6,600. (Heaney Decl. ¶ 7, ECF No. 10.) The Court finds this amount excessive. This is a straightforward unlawful detainer action. Additionally, Kang's Notice of Removal was nearly identical to the form Defendant Kim used previously, against which Plaintiff had already successfully pursued remand. In light of the foregoing, the Court finds an award for 11 hours of attorney time at an hourly rate of $175 to be reasonable. Therefore, the Court awards Plaintiff $1,925 in attorneys' fees incurred as a result of the improper removal of this action.

Plaintiff also seeks to recover its lost rental income incurred as a result of the delay caused by the removal of this case. (Heaney Decl. ¶¶ 8–11, ECF No. 10.) In support of this request, Plaintiff submits offer letters from various individuals and businesses to rent the property at issue. (ECF Nos. 10-5, 10-6, 10-7, 10-8.) First, it is unclear that these types of damages are encompassed by the "just costs and [] actual expenses" permitted by 28 U.S.C. § 1447(c). Second, the Court finds that the record is not sufficiently developed to make a determination of the amount of lost rental income incurred. For these reasons, the Court declines to award Plaintiff any costs incurred as a result of lost rental income.

*///*

*///*

*///*

## IV. CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART** Plaintiff's ex parte application. (ECF No. 10.) The Court **ORDERS** Defendant John Kang to pay Plaintiff's attorneys' fees in the amount of $1,925. The Clerk of Court shall close this case and remand it back to California Superior Court for the County of Los Angeles.

**IT IS SO ORDERED.**

August 9, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**